IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFREY S. CLEGG, SR., #276 457,     )
                                     )
     Plaintiff,               )
                                     )
     v.                     )  CIVIL ACTION NO. 2:16-CV-44-WHA
                                   )          [WO]
DR. BRADFORD,               )
                                   )
     Defendant.            )

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this complaint on January 20, 2016.  Subsequently, and prior to the filing of an answer and special report, Plaintiff filed a motion to dismiss the complaint. *Doc. No. 3*.

Under Fed. R. Civ. P. 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a  notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared in the action."   "Ordinarily, a Rule 41(a)(1)(A) voluntary dismissal is effective immediately and requires no action by the district court."  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).  Because a voluntary dismissal is self-executing, it may precede any analysis of subject-matter jurisdiction and moots all pending motions. *Id*.

A plaintiff may properly effect a Rule 41(a)(1)(A) dismissal by filing a "notice of dismissal." Fed.R.Civ.P. 41(a)(1)(A)(i). Although Plaintiff designates his filing as a "motion" to withdraw, the court notes that no answer or motion for summary judgment has been filed by Defendant and Plaintiff may dismiss his action as a matter of right. The court, therefore, will

construe the "motion" to dismiss the complaint as a "notice" of dismissal within the meaning of Fed. R. Civ. P. 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted) ( "[t]he fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence.").

In light of the foregoing, the court concludes this case is due to be dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i).

Accordingly, it is

ORDERED that Plaintiff's motion to dismiss (*Doc. No. 3*) is considered a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). *See Doc. No. 3*.

It is further

ORDERED that **on or before February 26, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley*

*v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 11th day of February 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE